UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 24-cv-24902-BLOOM/Elfenbein**

PETER PANAYI PHILIPPOU, and
SOUFIANE NAJI,

    Plaintiffs,

v.

TOWN OF MIAMI LAKES PLANNING
AND ZONING BUILDING,

    Defendant.
_____/

## ORDER ON EMERGENCY MOTION

**THIS CAUSE** is before the Court upon Plaintiffs' Peter Panayi Philippou and Soufiane Naji (collectively "Plaintiffs") Emergency Motion for Immediate Injunctive Relief, ECF No. [20]. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Per the Amended Complaint, Plaintiffs purchased real property in the Town of Miami Lakes, and submitted applications for building permits to Defendant, the Town of Miami Lakes ("Defendant"). ECF No. [11]. Defendant denied Plaintiffs' application in April 2024. *Id.* In the Motion, Plaintiffs contend that "Defendant's continued refusal to process these applications is causing significant, irreparable harm to Plaintiffs' property rights, financial interests, and emotional well-being. . . . Immediate intervention is necessary to prevent further damage and [to] ensure that Plaintiffs' legal rights are preserved." ECF No. [20] at 1.

Local Rule 7.1 permits litigants to designate a motion as an emergency. S.D. Fla. L.R. 7.1(d)(1). A filer requesting emergency action "must set forth in detail the nature of the emergency,

the date by which a ruling is necessary, and the reason the ruling is needed by the stated date." *Id*. The filer must certify that the matter is a true emergency, and "unless a motion will become moot if not ruled on within seven (7) days, the motion should not be filed as an emergency motion." *Id*. "The unwarranted designation of a motion as an emergency motion may result in sanctions." *Id*.

The Motion is due to be denied because the Motion constitutes an improper use of emergency filing procedures. While Plaintiffs have certified that the Motion is an emergency, Plaintiffs' Motion fails to establish that it requires immediate action from the Court. Additionally, Plaintiffs have failed to specify a date by which a ruling is necessary, and why the ruling is needed by that date.

The Court must take this opportunity to advise Plaintiffs that emergency motions are treated very seriously. Plaintiffs' improper emergency designation has inconvenienced not only the Court, but also litigants in other cases who have had their matters delayed due the Court's immediate attention to this matter. As Judge Jonathan Goodman pointed out:

> When a party designates a motion as an emergency, it triggers consequences. Basically, it is akin to sounding an alarm in the chambers of the district court judge and the magistrate judge assigned to the case. And that is exactly what happened here. The law clerk working with the Undersigned on this case received a phone call from the District Court's chambers, alerting us to the existence of an emergency motion. As a result, the Undersigned and the law clerk immediately put aside other work in other cases in order to quickly address the purported emergency.

*VMR Prod., LLC v. Elec. Cigarettes Outlet, LLC*, 2013 WL 5567320, at *1 (S.D. Fla. Oct. 3, 2013). Plaintiffs are cautioned not to file any additional "emergency" motions unless it is appropriate. Any unwarranted designation of a motion as an emergency in the future will result in sanctions. *See* S.D. Fla. L.R. 7.1(d)(1).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [20]**, is **DENIED**.

Case No. 24-cv-24902-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 13, 2025.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record

Peter Panayi Philippou
1000 NW 7th Street, Apt 603
Miami, FL 33136

Soufiane Naji
1000 NW 7th Street, Apt. 603
Miami, FL 33136