UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24902-BLOOM/Elfenbein

PETER PANAYI PHILIPPOU, and
SOUFIANE NAJI,

    Plaintiffs,

v.

TOWN OF MIAMI LAKES PLANNING
AND ZONING BUILDING,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs' Peter Panayi Philippou and Soufiane Naji (collectively "Plaintiffs") Motion to Remand, ECF No. [6]. Defendant Town of Miami Lakes Planning and Zoning Building did not file a Response. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiffs' Motion is granted.

On June 20, 2024, Plaintiffs filed a Complaint in the Circuit Court of the Eleventh Judicial District, in and for Miami-Dade County, Florida, under Case No. 2024-011332-CA-01 ("State Court Action"). *See* ECF No. [1]. Defendants filed a Notice of Removal on December 13, 2024, seeking to remove this case pursuant to the Court's original jurisdiction because Plaintiffs alleged violations of their Fourteenth Amendment rights. ECF No. [1] at ¶ 4; ECF No. [1-2] at 5. Plaintiffs filed a Motion to Remand, asserting that their claims were based on state and local law. ECF No. [6]. Subsequently, on January 6, 2025, Plaintiffs filed an Amended Complaint and a Memorandum of Law in Support of Plaintiffs' Motion to Remand, ECF Nos. [11], [12].

Case No. 24-cv-24902-BLOOM/Elfenbein

In the Amended Complaint, Plaintiffs remove any reference to any constitutional violations, and instead assert claims solely based on Florida law and injunctive relief. *See* ECF No. [11]. In their Memorandum of Law, Plaintiffs contend "that while federal statutes were referenced in their previous complaint, they did not intend to assert substantial federal claims[,] . . . the cited federal statutes serve only as ancillary background, not as a basis for relief." ECF No. [12] at 2.

Upon a review of the Amended Complaint, the Court agrees that this case must be remanded. "A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). Federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

The Notice of Removal indicates that the Complaint presents a federal question. Federal question jurisdiction is governed by the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal citation omitted). "Unless a 'substantial' federal question is presented on the face of the complaint, the case does not arise under federal

law." *Spear ex rel. Spear v. Publix Super Mkts., Inc.*, 2008 WL 5276441, at *1 (S.D. Fla. Dec. 18, 2008). While it is true that "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint," *see Franchise Tax Bd. of State of Cal. V. Constr. Laborers Vacation Tr. for So. Cal. et al.*, 463 U.S. 1, 22 (1983), that is not the case here. Rather, the Amended Complaint does not present any federal question. Rather, the claim involve the interpretation and application of Florida law and local zoning regulations. ECF No. [12]. Accordingly, because "the right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts," the Court must remand this case. *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, No. 09–82433–CIV, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand**, ECF No. [6]**, is **GRANTED**.

2. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County; and

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 14, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 24-cv-24902-BLOOM/Elfenbein

Copies to:

Counsel of Record

Peter Panayi Philippou
1000 NW 7th Street, Apt 603
Miami, FL 33136

Soufiane Naji
1000 NW 7th Street, Apt. 603
Miami, FL 33136